UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Shauncy Claud

                Plaintiff,

      v.

Brown Harris Stevens of The Hamptons, LLC,

                Defendant.

MEMORANDUM & ORDER

No. 2:18-cv-01390

NINA R. MORRISON, United States District Judge:

Now pending before the Court is Plaintiff Shauncy Claud's motion for attorney's fees pursuant to 42 U.S.C. § 1988(b), in which she seeks a total award of $203,985.00 in fees and $6,067.69 in expenses. The Court has carefully considered Plaintiff's motion and Defendant's response. Plaintiff's motion is GRANTED IN PART and DENIED IN PART. The Court awards Plaintiff $170,065.00 in attorney's fees and $6,067.69 in expenses under 42 U.S.C. § 1988(b), for a total award of $176,132.69.

## FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes the parties' familiarity with the factual history and proceedings below, which are discussed at length in the Findings of Fact and Conclusions of Law, and recites them only as needed here. *See* Findings of Fact and Conclusions of Law ("FOCL"), ECF No. 67. Six years ago, Plaintiff Shauncy Claud ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1981 against her former

employer, Brown Harris Stevens of the Hamptons ("Defendant"), a prominent real estate firm. *See id.* at 1. Plaintiff alleged that Defendant discriminated against her based on her race, and then unlawfully terminated her due to race discrimination and in retaliation for voicing concerns about Defendant's discriminatory conduct. *See id.* at 2; Order Granting in Part and Denying in Part Motion for Summary Judgment ("Summ. J. Order"), ECF No. 34 at 15.

Defendant moved for summary judgment. *See* Def.'s Mot. for Summ. J., ECF No. 28. The Court granted Defendant's motion as to Plaintiff's claim that she was terminated based on racial discrimination, but denied summary judgment as to Plaintiff's claim that she was terminated in retaliation. *See* Summ. J. Order at 15–20.

After a three-day bench trial, Plaintiff prevailed on her retaliation claim and was awarded $587,896.68 in compensatory damages (including prejudgment interest) and $200,000 in punitive damages. *See* FOCL at 60.

On July 12, 2023, Plaintiff moved for attorney's fees and costs pursuant to 42 U.S.C. §1988(b). *See* Mot. for Att'y Fees and Costs, ECF No. 69 (hereinafter the "Motion"). Plaintiff seeks $203,985 in attorney's fees, and $6,067.69 in costs. Reply in Support of the Motion ("Reply"), ECF No. 72 at 2.

Plaintiff calculated proposed fees by multiplying Plaintiff's counsel's hourly rate by counsel's expended hours. Plaintiff proposes lower hourly rates for Plaintiff's counsel for hours worked at the beginning of the representation in 2017 and a higher hourly rate for work performed as the litigation continued, presumably to account for

counsel's increased experience and impact of inflation, among other things. Plaintiff's $203,985 proposed fee award is based on hourly rates for Plaintiff's counsel as follows: between $650 and $800 per hour for principal G. Oliver Koppell; between $375 and $600 per hour for senior associate Daniel F. Schreck; between $200 and $250 per hour for junior associate Denise Morris; $200 per hour for junior associates Adam B. Citron and Anne-Laure Perquel; and $100 per hour for law student Ian Engoron. *See* Decl. of Daniel F. Schreck in support of Mot. for Att'y Fees and Costs ("Pl.'s Decl."), ECF No. 69-2 at 3–6. As reflected in a summary of time billed submitted in support of the Motion, Plaintiff specifically seeks fees based on the hourly rates and hours worked reflected in the chart below.[1]

| Name | Total Hours | 1/1/2017 Rate x Hours | 1/1/2018 Rate x Hours | 6/1/2018 Rate x Hours | 1/1/2021 Rate x Hours | 1/1/2022 Rate x Hours | 1/1/2023 Rate x Hours |
|---|---|---|---|---|---|---|---|
| G. Oliver Koppel | 45 | $650 x 40.6 $26,390 | | | $700 x .6 $420 | $700 x .5 $350 | $800 x 3.2 $2560 |
| Daniel Schreck | 251.1 | $375 x 104.6 $39,225 | | | $450 x 10.5 $4,725 | $600 x 12.4 $7,440 | $600 x 123.6 $74,160 |
| Denise Morris | 116 | | $200 x 8.9 $1,780 | $250 x 107.1 $26,775 | | | |
| Anne-Laure Perquel | 64.7 | $200 x 64.7 $12,940 | | | | | |
| Adam B. Citron | 19.2 | $200 x 19.2 $3,840 | | | | | |

---

[1] The dates reflected in the first row of the table indicate when each individual began billing at the rate specified therein. The Court also notes that this chart includes the additional hours claimed and documented in Plaintiff's Reply Declaration at 1.

| Ian Engoron | 33.8 | $100 x 33.8 $3,380 | | | | | |
|---|---|---|---|---|---|---|---|

In support of the Motion, Plaintiff submitted a declaration by counsel describing the qualifications and experience of each member of the legal team and the work they completed, contemporaneous time records, and documentation of expenses incurred.  *See* Ex. Time Entries, ECF No. 69-3; Ex. Billing Summary, ECF No. 69-4; Ex. Expense Report, ECF No. 69-5; Ex. Dep. Tr. Receipts, ECF No. 69-6; Ex. Trial Tr. Receipts, ECF No. 69-8; Ex. Compl. Filing Receipt, ECF No. 69-8; Ex. Copy Invoice, ECF No. 69-9; Ex. Uber Receipts, ECF No. 69-10; Ex. Retainers, ECF No. 69-11.

Defendant filed its response to Plaintiff's Motion on August 9, 2023.  *See* Mem. in Opp'n. ("Opp."), ECF No. 71.  Defendant argued that Plaintiff's fee application should be adjusted to "remove[] hours expended prior to drafting of the complaint," time spent on "matters for which plaintiff was not the prevailing party," and that "the rates sought should be adjusted by a reduction of 45% under the 'lodestar' approach."  *Id.* at 5–6.

Plaintiff filed a reply in support of the Motion on August 14, 2023.  In the Reply, Plaintiff updated her fee request to include time counsel spent preparing the Reply brief and provided billing records in support of the updated request.  Reply at 1.

On December 11, 2023, Plaintiff asked the Court to resolve the pending Motion so that judgment can be entered and collection efforts can begin.  *See* Letter from Pl., ECF No. 73.

## LEGAL STANDARD

Pursuant to 42 U.S.C. § 1988(b), in a § 1981 action "the court has the discretion to award 'reasonable' attorney's fees and costs to 'the prevailing party.'" *Anderson v. City of New York*, 132 F. Supp. 2d 239, 241 (S.D.N.Y. 2001) (quoting 42 U.S.C. § 1988(b)). Indeed, awarding a prevailing party attorney's fees is consistent with the "general purpose of fee-shifting statutes such as § 1988(b)," which is to "permit plaintiffs with valid claims to attract effective legal representation and thereby to encourage private enforcement of civil rights statutes, to the benefit of the public as a whole." *Green v. Torres*, 361 F.3d 96, 100 (2d Cir. 2004) (citation and quotation marks omitted). *See also Quarantino v. Tiffany & Co.*, 166 F.3d 422, 426 (2d Cir. 1999) ("Congress enacted fee-shifting in civil rights litigation precisely because the expected monetary recovery in many cases was too small to attract effective legal representation.").

Courts in the Second Circuit use the "lodestar" method to assess the reasonableness of attorney's fee applications. *See Lawson ex rel. Torres v. City of New York*, No. 99-cv-10393, 2000 WL 1617014, at *1 (S.D.N.Y. Oct. 27, 2000). This method "calculates fees by using the product of" "the reasonable hourly rate" and "the number of hours reasonably expended by each attorney." *Id*. Plaintiff bears the burden of demonstrating both that the hourly rate she seeks is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation," *Gavin-Mouklas v. Info. Builders, Inc.*, No. 97-cv-3085,

1999 WL 728636, at *2 (S.D.N.Y. Sept. 17, 1999) (citation omitted), and that the number of hours expended was reasonable, *Lawson*, 2000 WL 1617014, at *1.

In calculating a reasonable rate, a court typically applies the "forum rule," which generally sets the "hourly rates employed in the district in which the reviewing court sits" as a "presumptively reasonable fee." *Bergerson v. N.Y. State Off. of Mental Health*, 652 F.3d 277, 290 (2d Cir. 2011) (citation omitted). A court calculating the appropriate hourly rate for a lawyer in a particular case may also consider the following factors:

> (1) the time and labor required; (2) the novelty and the difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 186 n.3 (2d Cir. 2008) (citation omitted).

In calculating the number of hours that a plaintiff's attorney reasonably spent on a case, the court must exclude "excessive, redundant, or otherwise unnecessary" hours. *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (citation omitted). In addition, rather than reducing a plaintiff's attorney's hours task-by-task, a court "has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Id.* (citation and quotation marks omitted). The court also has "significant discretion" when

determining the reasonableness of a plaintiff's attorney's purported expended hours "based on the scope and complexity of a case." *Grant v. City of Syracuse*, 357 F. Supp. 3d 180, 204 (N.D.N.Y. 2019) (citation omitted).

## DISCUSSION

"As a threshold matter, there is no doubt here that Plaintiff[] [is the] prevailing part[y] for purposes of § 1988, and thus [is] entitled to attorneys' fees. Accordingly, the Court looks to the hourly rates proposed and the hours expended by the attorneys to determine how much they should be awarded." *Abdell v. City of New York*, No. 05-cv-8453, 2015 WL 898974, at *3 (S.D.N.Y. Mar. 2, 2015). The Court first considers the hourly rates sought by Plaintiff's counsel. The court considers each factor in turn and, for the reasons to follow, reduces certain hourly rates proposed by Plaintiff's counsel but finds Plaintiff's counsels' expended hours reasonable.

### I.     Reasonable Hourly Rates

Defendant argues that the hourly rates Plaintiff seeks are "significantly higher than 'comparator' rates in this District for civil rights cases, indeed almost double, even allowing for inflation." Opp'n. at 4. Plaintiff concedes that she seeks "exceptional rates" for Mr. Koppell, ranging from $650 per hour to $800 per hour, but argues those rates are justified by Mr. Koppell's "fifty years of practice experience at some of the leading law firms in the country," and the depth and breadth of his experience in civil rights law, including his experience as the New York State Attorney General and as a representative in the New York State Assembly and New York City Council. Mot. at 6. Plaintiff also implicitly concedes that the rates she seeks for Mr. Schreck, $375 per hour to $600 per hour, exceed the standard rates for

associates in this District and are more consistent with the rates awarded to associates in the Southern District of New York. *See* Mot. at 6–7.

Considering the "case-specific variables" that the Second Circuit has identified as "relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate," the Court concludes that Mr. Koppell's fees should be calculated based on a rate of $550 per hour. *See Arbor Hill*, 522 F.3d at 190.

First, this rate accounts for the considerable risk Plaintiff's counsel, a small law firm, took on by accepting this representation. For Plaintiff to prevail, Plaintiff's counsel had to persuade the Court that Defendant's proffered non-pretextual reasons for terminating Plaintiff, an at-will employee, were not credible and that Defendant terminated Plaintiff for an unlawful reason. Additionally, while all contingency fee representations carry risk for Plaintiff's counsel, the financial risk of representing Plaintiff was heightened given that the prospective damages—the lion's share of which were based on the commissions Plaintiff, who was relatively new to her career as a real estate agent, would likely have earned had she not been terminated—were far from certain. *See id.* at 186 n.3 (noting factors relevant to determining a reasonable hourly rate include "the level of skill required to perform the legal service properly," "whether the fee is fixed or contingent," and the "'undesirability' of the case"). Indeed, the challenging nature of this representation and its attendant risks led "at least 50 attorneys" to decline to represent Plaintiff before Plaintiff's counsel agreed to take on this case. *See* Colette Coleman, *Black Real Estate Agent Wins Racial Bias Case Against Hamptons Firm* (June 15, 2023),

https://www.nytimes.com/2023/06/15/realestate/hamptons-brown-harris-stevens-racial-bias.html; *see also* Reply at 7; Pl.'s Mem. Supporting Attorney's Fees, ECF No. 69-1 at 7.

Second, this rate reflects the high degree of success obtained on Plaintiff's behalf. As the Supreme Court has observed, "the degree of success obtained" by a plaintiff is the "most critical factor" in a district court's determination of reasonable attorney's fees. *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008). "A district court's assessment of the 'degree of success' achieved in a case is not limited to inquiring whether a plaintiff prevailed on individual claims . . . Both 'the quantity and quality of relief obtained,' as compared to what the plaintiff sought to achieve as evidenced in her complaint, are key factors in determining the degree of success achieved." *Id.* (internal citations omitted). Defendant admits that "[u]nquestionably, Plaintiff was most successful at trial . . . ." Opp'n. at 2. Plaintiff requested $700,000 total in damages: "$450,000 in compensatory damages for lost income," FOCL at 46, $150,000 for emotional distress, *id.* at 45, and $100,000 in punitive damages, *id.* at 14. The Court awarded Plaintiff $263,516.07 in back pay, *id.* at 50, and $300,000 for "significant emotional distress," *id.* at 55. Additionally, the Court awarded punitive damages in the amount of $200,000, a ratio of "compensatory damages to punitive damages of nearly 3 to 1." *Id.* at 59. Once the Court accounted for prejudgment interest in the nearly seven years since Plaintiff's claim accrued, Plaintiff was awarded $787,896.68 in damages. *Id.* at 60. Plaintiff's

success at trial supports an hourly rate at the higher end of the range typically awarded for prevailing counsel in the Eastern District of New York.

Third, a rate of $550 per hour is consistent with the high-end of recent prevailing hourly rates used to calculate fee awards for experienced litigators in this District. "Courts in this District have recently awarded hourly rates ranging from the 'high $500s' to the 'low $600s' to civil rights attorneys" with experience similar to Mr. Koppell's experience. *HVT, Inc. v. Port Auth. of New York & New Jersey*, No. 15-cv-5867, 2023 WL 5441898, at *5 (E.D.N.Y. Aug. 22, 2023), *report and recommendation adopted*, 2023 WL 6035673 (E.D.N.Y. Sept. 15, 2023) (awarding Plaintiff's lawyers with thirty years of experience and fifty-three years of experience litigating relevant cases an hourly rate of $630 per hour); *see Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, No. 10-cv-2262, 2019 WL 2870721, at *10 (E.D.N.Y. June 18, 2019), *report and recommendation adopted*, 2019 WL 2869150 (E.D.N.Y. July 3, 2019) (awarding Plaintiff's lawyer with a more than fifty-year career litigating similar cases with successful results and teaching and publishing in relevant field an hourly rate of $600 per hour).

The Court recognizes that Mr. Koppell's "experience, reputation, and ability" could certainly garner a higher hourly rate than the amount awarded here. *See Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 186 n.3. Indeed, Mr. Koppell currently charges clients who pay him on an hourly basis $800 per hour. But the Court finds that $550 per hour is appropriate given the relatively limited nature of Mr. Koppell's work in this matter. *See* Pl.'s Decl. at 3 (describing Mr. Koppell's role

in this litigation as limited to "provid[ing] oversight and strategy for the overall action"). Additionally, the Court notes the "absence of any additional evidence, such as affidavits from peer attorneys, statistical evidence, or past retainer agreements, indicating that [the requested] hourly rate," which exceeds those customarily granted in this District, "is in fact reasonable in this case." *Coakley v. Webb*, No. 14-cv-8438, 2016 WL 1047079, at *6 (S.D.N.Y. Mar. 10, 2016).

With respect to Mr. Schreck, the Court concludes that his work should be compensated at an hourly rate of $350 for all work completed in 2017, $400 for all work completed in 2021, and $450 for all work completed in 2022 and 2023. Although these rates fall below the rates requested in the Motion and the "customary hourly rates" charged to his clients, these rates are at the high end of the spectrum for fee awards based on an associate's work. *See e.g.*, *Agudath Israel of Am. v. Hochul*, No. 20-cv-04834, 2021 WL 5771841, at *5 (E.D.N.Y. Dec. 6, 2021), *aff'd*, No. 22-38, 2023 WL 2637344 (2d Cir. Mar. 27, 2023) (describing hourly rates of $350 and $375 per hour as at the "high end of the spectrum for senior associates"). The Court notes that Mr. Schreck is far more experienced than the typical associate, having worked as a litigator in cases like the one at bar for the past eighteen years. *See* Pl.'s Decl. at 3–4. Additionally, Mr. Schreck's substantive involvement and leadership in every stage of the proceedings and his strong performance at trial, along with the case-specific factors discussed, *supra* at 7–9, merit a higher-than-average hourly rate.

With respect to Mr. Citron, Ms. Morris, and Ms. Perquel, the three junior associates, the Court finds that their work should be compensated at the rate of $200

per hour.² Defendant objects generally to the hourly rates proposed by Plaintiff but makes no specific arguments regarding the hourly rates for the three junior associates. Indeed, Defendant describes the reasonable hourly rate for associate work in this District as "$100 to $200 per hour," Opp'n. at 4, and several other courts have awarded junior associates, including those with less experience than the associates in this matter, the rate sought here. *See e.g.*, *Adorno v. Port Auth.*, 685 F. Supp. 2d 507, 514 (S.D.N.Y. 2010), *on reconsideration in part*, No. 06-cv-593, 2010 WL 727480 (S.D.N.Y. Mar. 2, 2010) (utilizing a rate of $200 per hour for first-year lawyer); *Feltzin v. Union Mall LLC*, 393 F. Supp. 3d 204, 212 (E.D.N.Y. 2019) (noting "[i]n recent years, fees have been awarded in [this District] at an hourly rate of . . . $100 to $325 for associates"). For the reasons described above, *supra* 7–9, regarding the nature of this case and degree of success obtained by Plaintiff's counsel, and given the customary hourly rates for Mr. Citron, Ms. Morris and Ms. Perquel, the Court will utilize $200 per hour for all work performed by junior associates.

Defendant does not dispute the hourly rate sought in connection with Mr. Engoron's work. Mr. Engoron's rate appears consistent with the rates awarded to paralegals in this District, and for the other reasons discussed *supra* 7–9, the Court will utilize Plaintiff's requested hourly rate of $100 per hour for Mr. Engoron.

## II.  Reasonable Number of Hours

Plaintiff seeks to be compensated for a total of 529.8 hours of legal work performed in connection with this case (including this fee application). Defendant

---

² This rate results in a reduction of the hourly rate sought for work performed by Ms. Morrison after June 1, 2018 from $250 per hour to $200 per hour.

argues that Plaintiff should not be compensated for three categories of work: (1) work performed prior to drafting the complaint, (2) work relating to Plaintiff's race discrimination claim, which was dismissed in summary judgment, and (3) work relating to Defendant's successful motion to strike Plaintiff's jury demand. *See* Opp'n. at 5–6.

Defendant correctly notes that Plaintiff, as the proponent of a fee request, carries the burden of justifying the reasonableness of her request. *Id.* at 3. But Defendant does not cite, nor could it, legal authority for the proposition that the time a plaintiff's lawyer spends preparing a case before drafting the complaint, defending a losing claim inextricably interwoven with a winning one, or losing a non-frivolous motion should not be compensated. Though time spent on a task that is not "reasonably expended" because, for example, it is "excessive, redundant, or otherwise unnecessary" can be properly excluded from a reasonable hours calculation, none of the periods of time identified by Defendant are excludable. *Cf. Parrish v. Sollecito*, 280 F. Supp. 2d 145, 170 (S.D.N.Y. 2003) (excluding time spent on including "disputed material" in an amended pleading that was "immaterial, impertinent and scandalous" where the material was excluded from the record and "the inclusion of such material was groundless and not in pursuit of the ultimate result achieved"); *see also Adorno*, 685 F. Supp. 2d at 512 (finding that courts should not exclude time spent on an unsuccessful claim where that claim is "interrelated and required essentially the same proof" as a successful claim).

Indeed, Defendant's argument that these periods of time should be excluded from Plaintiff's fee award borders on frivolous. The Court is particularly puzzled by Defendant's argument that Plaintiff should not be compensated for time spent investigating the merits of Plaintiff's potential causes of action and attempting to settle her claims before drafting the complaint. Such time is not just reasonable but necessary to ensure that Plaintiff's claims have merit and are sufficiently investigated and well-pled to survive a motion to dismiss. *See Jean-Louis v. City of New York*, 342 F. Supp. 3d 436, 443 (S.D.N.Y. 2018) (awarding fees for hours spent before civil rights action was filed, noting there is "nothing inappropriate or unreasonable in this regard. There is no principle of law that forecloses recovery of reasonable attorney's fees in investigating a claim, researching the law and drafting a complaint, even though no action was pending at the time"). Indeed, the Court notes that Defendant chose not to file a motion to dismiss in this case after reviewing the Complaint. Similarly, the Court is troubled by Defendant's claim that civil rights counsel should not be compensated for time spent unsuccessfully opposing a motion—here, Defendant's motion to strike Plaintiff's jury demand—where Plaintiff's opposition was not meritless or in bad faith. The fact that civil rights counsel does not prevail on a hotly contested motion or issue does not mean the time spent advocating for her client's interest was not reasonable and compensable. *See US All. Fed. Credit Union v. M/V Kamara Fam.,* No. 20-cv-1733, 2023 WL 5622067, at *10 (E.D.N.Y. Aug. 31, 2023) (noting that courts may reduce attorney's fees for work on "motions that were unreasonable or had little chance of

success" and that the "critical factor in determining whether to reduce counsel's hours because of unsuccessful claims is the degree to which counsel achieved success in the lawsuit as a whole" (internal quotation and citation omitted)); *Murray v. Marshall*, No. 15-cv-599, 2020 WL 5899851, at *6 (E.D.N.Y. Mar. 16, 2020), *report and recommendation adopted as modified*, No. 15-cv-599, 2020 WL 3819075 (E.D.N.Y. July 8, 2020) (awarding fees for motion practice that was ultimately unnecessary because Plaintiff's counsel made efforts to limit the scope of the motion practice at issue and Plaintiff's counsel's approach was not unreasonable). Just as a lawyer paid by her client on an hourly basis in a commercial matter would not be expected to forgo fees for time spent on legal filings simply because the client did not prevail on that particular issue, civil rights counsel is ordinarily entitled to compensation for hours reasonably incurred asserting good-faith opposition to a motion even if the plaintiff's position on that motion is ultimately unsuccessful.

The Court concludes that the 530 hours Plaintiff's counsel seeks compensation for represents an efficient effort on the part of Plaintiff's counsel, who litigated this matter over a six-year period that included fact discovery and depositions, dispositive motion practice, a bench trial and post-trial motions.

### III.   Presumptively Reasonable Fee Award

Based on the Court's determination as to the reasonable hourly rates for each member of Plaintiff's legal team and the reasonable number of compensable hours by her team, the Court finds Plaintiff should be awarded $170,065.00 in attorney's fees, which is equivalent to approximately 21% of the total damages awarded to Plaintiff.

*See Adorno*, 685 F. Supp. 2d at 511 (explaining that arriving at a final fee requires the court to "(1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the two to calculate the presumptively reasonable fee; and (4) make any appropriate adjustments to arrive at the final fee award"). The breakdown of this fee award is reflected in the table below.

| Name | Total Hours | 1/1/2017 Rate x Hours | 1/1/2018 & 6/1/2018 Rate x Hours | 1/1/2021 Rate x Hours | 1/1/2022 Rate x Hours | 1/1/2023 Rate x Hours |
|---|---|---|---|---|---|---|
| G. Oliver Koppel | 45 | $550 x 40.6 $22,330 | | $550 x .6 $330 | $550 x .5 $275 | $550 x 3.2 $1760 |
| Daniel Schreck | 251.1 | $350 x 104.6 $36,610 | | $400 x 10.5 $4,200 | $450 x 12.4 $5,580 | $450 x 123.6 $55,620 |
| Denise Morris | 116 | | $200 x 116 $23, 200 | | | |
| Anne-Laure Perquel | 64.7 | $200 x 64.7 $12,940 | | | | |
| Adam B. Citron | 19.2 | $200 x 19.2 $3,840 | | | | |
| Ian Engoron | 33.8 | $100 x 33.8 $3, 380 | | | | |

IV. **Reasonable Costs**

The Court agrees with Plaintiff that the expenses sought are "in the category of those traditionally approved by the courts," Mot. at 11, and finds the costs reasonable in amount and supported by sufficient documentation. Defendant did not

dispute Plaintiff's request for costs. Therefore, costs are awarded to Plaintiff in the amount of $6,067.69.

## CONCLUSION

The Court awards $170,065.00 in attorney's fees and $6,067.69 in expenses to Plaintiff under 42 U.S.C. § 1988(b), for a total award of $176,132.69.

SO ORDERED.

                                                                 _/s/ NRM_  
                                                                  NINA R. MORRISON  
                                                                  United States District Judge

Dated:         January 23, 2024  
                Brooklyn, New York